
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID UPTON, | No. 10-55536 |
| Petitioner - Appellant, | D.C. No. 5:08-cv-01497-ABC-PJW |
| v. | |
| AREF FAKHOURY, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief District Judge, Presiding

Submitted February 10, 2012[**]
Pasadena, California

Before: WARDLAW and CALLAHAN, Circuit Judges, and MARTINEZ, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ricardo S. Martinez, District Judge for the U.S. District Court for Western Washington, sitting by designation.

David Upton appeals from the district court's dismissal of his petition for writ of habeas corpus as moot. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Because Upton challenges the validity of his parole revocation, and has since been released from prison, he must demonstrate continuing collateral consequences to avoid mootness. The possibility that Upton's prior revocation, or the allegedly false and misleading information in his parole violation report, will be used against him in subsequent parole proceedings is too speculative to satisfy the case or controversy requirement. *Cf. Spencer v. Kemna*, 523 U.S. 1, 14 (1998) (declining to find collateral consequences of a prior parole revocation because, *inter alia*, under Missouri law a single parole revocation "'[does] not render an individual ineligible for parole[,] [but is] simply one factor, among many, that may be considered by the parole authority in determining whether there is a substantial risk that the parole candidate will not conform to the reasonable conditions of parole") (quoting *Lane v. Williams*, 455 U.S. 624, 633 n.13 (1982)).

Upton asserts that the use of the allegedly false information in future parole hearings is "capable of repetition yet evading review." Even assuming the one-year maximum term of any return to custody Upton might suffer as the result of future parole violations, *see* Cal. Code Regs. tit. 15, § 2635.1(c), is a short enough

2

period to satisfy the "evading review" prong, *see Tyars v. Finner*, 709 F.2d 1274, 1280 (9th Cir. 1983), Upton has not shown a reasonable expectation that the Board will use the allegedly false information against him in subsequent parole proceedings. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) (the capable-of-repetition doctrine generally applies only where the named plaintiff "can make a reasonable showing that he will again be subjected to the alleged illegality"). Upton's single parole revocation does not create a reasonable expectation that he will again come before the Board, or that, if he does, his parole officer will submit the same information again. *Cf. Foster v. Carson*, 347 F.3d 742, 748 (9th Cir. 2003) ("Plaintiffs do not establish a reasonable expectation that they will be subjected to the challenged action again in the future. The only fact in the record before us that supports this claim is that it happened once.").

Nor has Upton demonstrated a reasonable expectation that, should he come before the Board again, it would rely on the allegedly false information in making its determination. *See* Cal. Code Regs. tit. 15, § 2636(a) (a parole violation report is required each time a suspected parole violation is reported to the Board); § 2643(d) (at a revocation hearing, a parolee may request the presence of witnesses and may request subpoenas or subpoenas duces tecum); § 2665 ("all evidence relevant to the charges or disposition" is admissible in parole revocation

proceedings); *cf. Foster*, 347 F.3d at 748 ("The mere fact that a similar order . . .

*might* someday issue does not establish a 'reasonable expectation' that such an

order *will* issue. We have held that a mere possibility that something *might* happen

is too remote to keep alive a case as an active controversy.") (emphasis in

original)).

**AFFIRMED.**